# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R. SMEED, doing business as NATIONAL CHARTER LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>NEXTERA ENERGY, INC., et al.,<br><br>        Defendants. | 1: 14-CV-00077-AWI - JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline:  8/4/2014<br><br>Discovery Deadlines:<br>    Initial Disclosures:  6/19/2014<br>    Non-Expert:  12/17/2014<br>    Expert:  3/9/2015<br>    Mid-Discovery Status Conference: 10/10/2014<br><br>Non-Dispositive Motion Deadlines:<br>    Filing:  3/23/2015<br>    Hearing:  4/24/2015<br><br>Dispositive Motion Deadlines:<br>    Filing:  5/4/2015<br>    Hearing:  6/22/2015<br><br>Pre-Trial Conference:<br>        8/26/2015 at 10:00 a.m.<br>        Courtroom 2<br><br>Trial:    10/27/2015 at 8:30 a.m.<br>        Courtroom 2<br>        Jury trial[1]: 5-6 days |

---

[1] Whether the matter will remain set as a jury trial will depend upon the outcome of briefing ordered herein.

1

I. **Date of Scheduling Conference**

May 9, 2014.

II. **Appearances of Counsel**

Tom Feher appeared on behalf of Plaintiff.

Kristopher Davis appeared on behalf of Defendants.

III. **Information Concerning the Court's Schedule**

Out of fairness, the Court believes it is necessary to forewarn litigants that the Fresno Division of the Eastern District of California now has the heaviest District Court Judge caseload in the entire nation. While the Court will use its best efforts to resolve this case and all other civil cases in a timely manner, the parties are admonished that not all of the parties' needs and expectations may be met as expeditiously as desired. As multiple trials are now being set to begin upon the same date, parties may find their case trailing with little notice before the trial begins. The law requires that the Court give any criminal trial priority over civil trials or any other matter. The Court must proceed with a criminal trial even if a civil trial was filed earlier and set for trial first. Continuances of any civil trial under these circumstances will no longer be entertained, absent a specific and stated finding of good cause. All parties should be informed that any civil trial set to begin during the time a criminal trial is proceeding will trail the completion of the criminal trial.

The parties are reminded of the availability of a United States Magistrate Judge to conduct all proceedings in this action. A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. The same jury pool is used by both United States Magistrate Judges and United States District Court Judges. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit. However, the parties are hereby informed that no substantive rulings or decisions will be affected by whether a party chooses to consent.

Finally, the Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, reassignments will be random, and the parties will receive no advance

notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial. **Within 10 days** of the date of this order, counsel **SHALL** file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

## IV.  Jury demand

The parties disagree whether Plaintiff has waived his right to a jury trial by failing to make a timely demand. Notably, Fed. R. Civ. P. 81(c)(3)(A) does not require a party to make a jury demand in a removed case unless such a demand was required under state law. Notably, it does not appear that such a demand is required by California Code of Civil Procedure section 631. Thus, unless the Court orders that an election regarding a jury be made, the parties need not do so and no jury right is waived.

However, Fed. R. Civ. P. 81(c)(3)(B) provides that if "all necessary pleadings" have been filed before the matter was removed, a party entitled to a jury must be granted one if the party makes a demand for one within 14 days after the party files the notice of removal or within 14 days of being served with the notice of removal. Here, Defendants NextEra Energy, Inc. and NextEra Energy Resources, LLC filed their answers in the state court before the removal. (Docs. 1-4, 1-5) However, Defendant Dina Guenther filed her answer in this Court. (Doc. 7)

Therefore, the parties are **ORDERED** to file their informal briefs regarding whether Plaintiff is entitled to a jury trial (addressing, in particular, whether "all necessary pleadings" were filed before the removal) as follows:

Plaintiff's brief seeking a jury trial SHALL be filed by[2]:   **May 30, 2014**

Defendants' brief opposing a jury trial SHALL be filed by:  **June 20, 2014**

The optional reply may be filed **no later than 7** calendar days after the opposition is filed **or July 3, 2014, whichever is earlier**.

The moving and opposing briefs SHALL not exceed 7 pages. The reply SHALL not exceed 4

---

[2] If the parties resolve this matter before briefing, they SHALL file a joint notification along with an outline of the agreement immediately.

3

pages.

///

### IV. Pleading Amendment Deadline

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **August 4, 2014**.

### V. Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **June 19, 2014**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **December 17, 2014**, and all discovery pertaining to experts on or before **March 9, 2015**.

The parties are directed to disclose all expert witnesses, in writing, on or before **January 5, 2015**, and to disclose all rebuttal experts on or before **February 2, 2015**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **October 10, 2014**, at 9:00 a.m. before the Honorable Jennifer L. Thurston, U.S. Magistrate Judge, located at 510 19th Street, Bakersfield, California. A Joint Mid-Discovery Status Conference Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one full week prior to the Conference, and shall be e-mailed, in Word format, to JLTorders@caed.uscourts.gov. The joint statement SHALL outline the discovery that has been completed and that which needs to be completed as well as any impediments to

completing the discovery within the deadlines set forth in this order. Counsel may appear via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

## VI.    Pre-Trial Motion Schedule

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **March 23, 2015**, and heard on or before **April 24, 2015**. Non-dispositive motions are heard at 9:00 a.m., before the Honorable Jennifer L. Thurston, United States Magistrate Judge, at the United States District Courthouse located at 510 19th Street, Bakersfield, California.

No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

All dispositive pre-trial motions shall be filed no later than **May 4, 2015**, and heard no later than **June 22, 2015**, in Courtroom 2 at 8:30 a.m. before the Honorable Anthony W. Ishii, United States District Court Judge. In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

## VII.   Motions for Summary Judgment or Summary Adjudication

5

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion **at least 21 days before** filing of the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  **In addition to the requirements of Local Rule 260, the moving party shall file a joint statement** of undisputed facts.

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

**VIII.   Pre-Trial Conference Date**

**August 26, 2015**, at 8:30 a.m. in Courtroom 2 before Judge Ishii.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to Judge Ishii's chambers, by email at AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**IX.   Trial Date**

**October 27, 2015**, at 8:30 a.m. in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

    A.    This is a jury trial.[3]

    B.    Counsels' Estimate of Trial Time: 5-6 days.

    C.    Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## X.    Settlement Conference

If, in the future, the parties believe the action is in a settlement posture and they desire a conference with the Court, they may file a joint written request for the Court to set a settlement conference along with proposed dates. **If any party prefers that the settlement conference be conducted by a judicial officer who is not assigned to this action, that party is directed to notify the Court at least 60 days in advance of the requested settlement conference** to allow sufficient time for another judicial officer to be assigned to handle the conference.

## XI.    Requests for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial

Not applicable at this time.

## XII.    Related Matters Pending

There are no pending related matters.

## XIII.    Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

## XIV.    Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the

---

[3] Again, whether the matter remains calendared as a jury trial will depend upon the Court's order issued after the briefing ordered herein.

parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **May 9, 2014**                        /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE