**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.R. SMEED, doing business as NATIONAL CHARGER LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>NEXTERA ENERGY RESOURCES, LLC, et al.,<br><br>        Defendant. | Case No.: 1:14-cv-00077 -AWI - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER |

On April 30, 2014, the parties filed their Joint Scheduling Conference Report, in which Plaintiff requested a jury trial. (Doc. 8 at 5.) Defendants requested a non-jury trial, asserting "Plaintiff has waived his right to a jury trial by not filing a jury demand within the required time frame." (*Id.*) At the Court's Scheduling Conference on May 9, 2014, the matter remained in dispute, and the Court set a briefing schedule for the parties to "file informal briefs regarding whether Plaintiff is entitled to a jury trial (addressing, in particularly, whether 'all necessary pleadings' were filed before the removal)." (Doc. 10 at 3.) Plaintiff was ordered to file a brief on the matter no later than May 30, 2014. (*Id.*) In the alternative, if the parties resolved the issue prior to briefing, they were to file a joint notification to the Court." (*Id.*, n.2.) However, Plaintiff has not filed a brief, and no joint stipulation has been filed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may issue sanctions, including dismissal, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 7 days of the date of service of this Order why sanctions, should not be imposed for failure to comply with the Court's order. In the alternative, Plaintiff **SHALL** file the brief regarding his right to a jury trial within 7 days.

IT IS SO ORDERED.

Dated:   **June 2, 2014**                             /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE